

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



UNITED STATES OF AMERICA

v.

SAMI OSMAKAC

CASE NO. 8:12-CR-45T 35 EAJ

18 U.S.C. § 2332a(a)(2)
26 U.S.C. § 5861(d)

18 U.S.C. § 924(d) - Forfeiture
18 U.S.C. § 981(a)(1)(G) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

From an unknown date, but at least as early as on or about November 18, 2011, and continuing until on or about January 7, 2012, in the Middle District of Florida,

**SAMI OSMAKAC,**

the defendant herein, acting without lawful authority, did knowingly attempt to use weapons of mass destruction, specifically, destructive devices as defined in Title 18, United States Code, Section 921(a)(4)(A), meaning explosives, grenades, and similar devices, against persons and property within the United States and (1) a facility of interstate and foreign commerce was used in furtherance of the offense; (2) the property against which he intended to use said devices was used in interstate and

foreign commerce and in an activity that affected interstate and foreign commerce; and (3) the results of the offense, if it had succeeded, would have affected interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 2332a(a)(2).

## COUNT TWO

On or about January 7, 2012, in the Middle District of Florida,

**SAMI OSMAKAC**,

the defendant herein, knowingly received and possessed a firearm, specifically, a machinegun, as defined in Title 26, United States Code, Section 5845(b), to wit an AK-47, serial number 1978 IL 93611, not registered to him in the National Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Section 5841.

All in violation of Title 26, United States Code, Sections 5861(d) and 5871.

## FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 924(d) and 981(a)(1)(G), Title 26, United States Code, Section 5861(d), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 2332a(a)(2) set forth in Count One of this Indictment, the defendant shall forfeit

to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense. In addition, because the violation alleged in Count One constitutes a Federal crime of terrorism, as defined in Title 18, United States Code, Section 2332b(g)(5), against the United States, citizens and residents of the United States, and their property, the defendant shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), all right, title and interest in (1) all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing the offense and (2) all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit the offense.

3. Upon conviction of the offense in violation of Title 26, United States Code, Section 5861(d) set forth in Count Two of this Indictment, the defendant shall forfeit to the United States pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offense.

4. The specific assets to be forfeited include, but are not limited to:

    a. a fully automatic AK-47, Serial No. 1978 IL 3611, and ammunition; and

    b. a .45 caliber Colt pistol, Serial No. SF12925E, and ammunition.

5. If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
SARA C. SWEENEY
Assistant United States Attorney

By: _____
JAY L. HOFFER
Assistant United States Attorney
Chief, General Crimes

No. 8:12-cr-

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

SAMI OSMAKAC

## INDICTMENT

Violations:

18 U.S.C. § 2332a(a)(2)
26 U.S.C. § 5861(d)

A true bill,

_____Robert E. Bron_____
Foreperson

Filed in open court this 2nd day
of February 2012.

_____
Clerk

Bail $_____

GPO 863 525

N:\_Criminal Cases\O\OSMAKAC, Sami_2011R00291_SCSV_indictment_back.wpd