UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO:  8:12-CR-45-T-35AEP

SAMI OSMAKAC


**DEFENDANT, SAMI OSMAKAC, SUPPLEMENTAL MOTION TO
SECOND MOTION FOR DISCLOSURE OF FISA
INTERCEPTIONS  AND ANCILLARY CIPA RESTRICTIONS
IN SUPPORT OF EVIDENCE TO BE PRESENTED (DKT. #100) AND TO
MOTION FOR DISCLOSURE OF FISA INTERCEPTIONS AND
ANCILLARY CIPA RESTRICTIONS IN SUPPORT OF
EVIDENCE TO BE PRESENTED (DKT 98)
AND INCORPORATED MEMORANDUM OF LAW**

   **COMES NOW** the Defendant **SAMI OSMAKAC,** by and through his undersigned

attorney and files this supplemental to the previously filed motions (Dkt. #100 and #98) for FISA

disclosure and does state:

   1.      The notice of FISA activity (Dkt.  20) requires this Court to review the

application (and any other materials) as may be necessary to determine whether surveillance was

lawfully authorized and conducted.  Section 50 U.S.C.A. 1806(f) provides "whenever a court …

is notified … whenever a motion is made by an aggrieved person … the United States District

Court … shall, notwithstanding any other law, if the Attorney General files an affidavit …

reviewing in camera and ex parte the application [and any other materials] as may be necessary

to determine whether surveillance was lawfully authorized and conducted.

   2.      District Courts may determine the lawfulness of FISA activity when (1) the

Government gives notice of its intent to use information obtained or derived from the FISA

activity; (2) there has been a motion to suppress that information; or (3) defendant moves for

disclosure of the underlying FISA applications and orders.  This supplement specifically requests this Court to review and disclose the underlying FISA applications and orders.

3.     The statute as written states that the notice provided by the Government triggers judicial review and that the Attorney General's affidavit merely determines whether or not the review is conducted *ex parte* and *in camera*.  FISA Senate Intelligence Report at 63.  If this were not the interpretation of the statute then judicial review would not be required absent the Attorney General's affidavit.  See also 50 U.S.C.A. § 1825(g) and 1845(f).

3.     In determining whether to disclose FISA applications or suppress FISA information, the District Court must review the FISA applications and orders *in camera*.  The court must conduct the procedure *ex parte* unless it determines a disclosure of those materials is necessary to make an accurate determination of the legality of the surveillance.

4.     Because the Government has provided notice to the defendant, it can be presumed that three conditions precedent have been met.  The first is that the Government must have information obtained or derived from FISA activity.  Secondly, the Government must intend to use that information in a proceeding.  Thirdly, the use must be against someone who qualifies as an aggrieved party with respect to the FISA activity in question.  50 U.S.C.A. 1806(c).  It should be noted, that the provisions governing physical searches and pen trap surveillance are similar. 50 U.S.C.A. § 1806(f), and § 1825(g).

5.     A court is required to make an initial *ex parte* review of the FISA applications and orders, then the court is permitted to order disclosure if it finds that it cannot determine the lawfulness of the FISA activity without the assistance of defense counsel and an adversary presentation.  50 U.S.C.A. § 1806(f), § 1825(g) and 1845(f).

6.      The Government's obligation under *Brady* to produce to the defendant materially favorable information applies to information favorable to the defendant's position in suppression litigation.  This application satisfies the necessity standard of FISA.  *U.S. v. Williams*, 10 F.3d 1070 (4th Cir 1983).  Even if the court finds that the FISA surveillance was lawfully authorized and conducted, the court must deny a motion seeking disclosure of FISA applications and orders "except to the extent that due process requires discovery or disclosures."  50 U.S.C.A. § 1806(g), § 1825(h), § 1845(g).  It was Congress' intent that the discovery provision of the statute be "wholly consistent" with *Brady*.  FISA House Report at 89.

7.      The statute does not distinguish between motions to obtain FISA applications and orders and motions to obtain information obtained through FISA.

**WHEREFORE**, the defendant, **SAMI OSMAKAC**, by and through his undersigned attorney hereby requests this Court to issue an Order requiring the disclosure of the FISA application and orders and any other such relief as the Court may deem appropriate.

Respectfully submitted,

Law Offices of Tragos & Sartes, P.L.


/s/ George E. Tragos
GEORGE E. TRAGOS, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 6th day of  May 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF, which will send a notice of electronic filing the following:   United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602.  I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants:

_____.

LAW OFFICES OF TRAGOS & SARTES, P.L.

 /s/ George E. Tragos
GEORGE E. TRAGOS, ESQ.
601 Cleveland Street, Suite 800
Clearwater, FL 33755
(727) 441-9030
SPN 00000117
Florida Bar No. 184830
E-mail: george@greeklaw.com