UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA                    CASE NUMBER: 8:12-CR-45-T-35-AEP

-v-

SAMI OSMAKAC,

    Defendant.

_____/

### MOTION TO COMPEL (UCE PRIOR TESTIMONY) AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW** the Defendant, **SAMI OSMAKAC,** by and through his attorney and hereby moves this Honorable Court to order the government to produce for the defendant prior testimony of the UCE and would state:

1.    During a recent hearing before this Court the government stated that it had presented to the Court classified information from three transcripts it had of prior trials in which the UCE had testified.

2.    The Court inquired about whether the Government had the three transcripts and the government answered in the affirmative. The Court inquired about the testimony being in the public record and the Government answered in the affirmative.

3.    The Defendant does not know the name of the UCE or any other identifying information and does not know about any other prior testimony or investigation that the UCE was a participant in because of the requirements of CIPA and FISA. This is information which

the Government has exclusive knowledge of and the Defendant cannot with reasonable due diligence procure.

4.      It is extremely common for defense counsel to procure the testimony of government witnesses from other trials in order to establish inconsistencies, patterns, investigative technique, modus operandi, inconsistent statements, history, and training etc.  It is extremely common for defense counsel to review these prior transcripts in order to understand the thinking of the witness, how the witness testifies, how the witness organizes his thoughts and organizes his testimony, including where the witness may be vulnerable.

Because there is no way that this defense counsel could even know about the prior testimony, it provides the Government with an unfair advantage.

5.      It would be presumed that the Government conducted that trial in the same way the Government is conducting this trial under the secret CIPA and FISA operational requirements.   Therefore the testimony in these prior trials would not have identifying information about the UCE and would not have revealed confidential, secret or classified information, since it was public testimony at a public trial.

6.      The fact that the document is classified does not excuse the government from producing in discovery that the classified information is subject to discovery the government has three options.  First, they can declassify the document.  Second, they can move for a protective order.  Third, the government may invoke CIPA Section 4 which governs discovery of classified information.

7.      A court has the ability to approve substitution of a summary or a statement of relevant facts or otherwise discoverable information under Section 4.

8.      If the court decides that the government possesses classified information that must be produced in discovery, and the government invokes CIPA Section 4, the court must determine whether the government has made a sufficient showing that it cannot disclose the information or cannot disclose it in the form in which it currently exists.

9.      In the *United States v. Sarkissin* 841 F.2d 959 (9th Cir. 1988) the court stated that under CIPA, the court can engage in the balancing of national security concerns against the defendant's need for documents in determining the extent of discovery.

10.     Withholding information which would deprive the defendant of a fair trial instead of discovery which is abhorred by the due process clause.

11.     The Government has been contacted and objects to the relief sought in this Motion.

**WHEREFORE,**  in the interest of justice and fairness the government should be required and ordered to provide the defense with trial testimony of the UCE which it had at the prior trial testimony of UCE which it has in its possession.

Respectfully submitted,


/s/ George E. Tragos
GEORGE E. TRAGOS, ESQ.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on 7th day of October 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following:   United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602.  I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants: _____.

LAW OFFICES OF TRAGOS & SARTES, P.L.

 /s/ George E. Tragos
GEORGE E. TRAGOS, ESQ.
601 Cleveland Street, Suite 800
Clearwater, FL 33755
(727) 441-9030
SPN 00000117
Florida Bar No. 184830
E-mail: george@greeklaw.com
         peter@greeklaw.com