**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**          **CASE NUMBER: 8:12-CR-45-T-35-AEP**

**-v-**

**SAMI OSMAKAC,**

　　　**Defendant.**
_____/

## MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM ELICITING PRIOR CONDUCT EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(b) AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, the defendant **SAMI OSMAKAC,** by and through his undersigned attorney and moves this Honorable Court to issue an order preventing the Government from mentioning directly or indirectly or to make any reference to the following:

1.　　　Federal Rule of Evidence 404(b) has been noticed by the Government. Particularly, on September 19, 2013, the Government provided the defense with a 404(b) notice. On October 4, 2013, the Government provided the defense with two telephone transcripts as part of the Federal Rule of Evidence 404(b) information.

2.　　　The two most disturbing parts of these telephone conversations are that first they do not relate to the crime charged and, secondly, they are recorded telephone conversations and the Defendant has no way to challenge the possible wiretap or any other methods in which these conversations were recorded.  The conversations do not involve an undercover FBI agent or an

FBI source.  They involved an individual known as Russell Dennison, who the Government in previous documents filed with this court stating that they have no documentation of him ever being a cooperating person.  It is not anticipated that Mr. Dennison will even testify.

3.      On April 16, 2011, the Defendant was accused of having an encounter with a street preacher over Christianity and Muslim beliefs.  The event was videotaped and the Defendant was interviewed by the FBI on March 13, 2011.   The Defendant was arrested for this event.   Prior to the Defendant meeting the confidential source on September 23, 2011, the Defendant made several videotapes and You Tube tapes expressing his beliefs in the Muslim or Islamic religion and how they conflict with other religions or peoples.

4.      The above information is irrelevant, in violation of the Federal Rule of Evidence 404(b), and its prohibitive value is outweighed by its prejudicial effect.

5.      Federal Rule of Evidence 404(b) provides that evidence of other crime, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformably therefore.  It may however be admissible for a proof of motion, opportunity, intent, preparation, plan, knowledge, or absent of mistake or accident.

6.      The Government must first establish a proper purpose for introducing the above listed evidence and then establish that the prior act occurred and that the defendant was the actor. Finally, the probative value of introducing the evidence must not outweigh any prejudicial effect the evidence might have on the Defendant.  The *United States v. Kamordelis*, 569 F.3rd 1291 (11th Cir. 2009).

7.      With regard to the third prong of the admissibly test, Courts are reminded that prior crime evidence as a significant potential for prejudicial effect, and therefore, should not be employed unless really necessary.  In other words, if the Government can do without such

evidence, fairness dictates that it should; if the evidence is essential to obtain a conviction it may come in. *United States v. Jones*, 28 F.3rd 1574 (11th Cir. 1994); modified on other grounds 74 F.3rd 275 (11 Cir. 1996) another consideration for the Court with regard to the third prong is whether the exigent offenses are such a nature they are likely to stray the jury irrevocably to a decision of guilty, in that case the evidence must be excluded. *United States v. Williams*, 816 F.2nd 1527 (11 Cir. 1987).

8.     In this case the exigent evidence would not serve any of the approved purposes for use of such evidence and the potential prejudicial effect of such evidence outweighs the need for admissible.

9.     The Government has been contacted and objects to the relief sought in this Motion.

**WHEREFORE**, the Defendant, **SAMI OSMAKAC**, moves this Honorable Court to issue an order preventing the government from introducing into evidence any of the above-referenced material directly or indirectly or mentioning it in any way before the jury.

Respectfully submitted,


*/s/ George E. Tragos*
GEORGE E. TRAGOS, ESQ.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on 7th day of October 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following:   United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602.  I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants: _____.

LAW OFFICES OF TRAGOS & SARTES, P.L.

 /s/ George E. Tragos
GEORGE E. TRAGOS, ESQ.
601 Cleveland Street, Suite 800
Clearwater, FL 33755
(727) 441-9030
SPN 00000117
Florida Bar No. 184830
E-mail: george@greeklaw.com