UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                        Case No. 8:12-CR-45-T-35AEP

SAMI OSMAKAC


### UNITED STATES' MOTION IN LIMINE REGARDING EVIDENCE OBTAINED PURSUANT TO THE FOREIGN INTELLIGENCE SURVEILLANCE ACT

The United States of America, by A. Lee Bentley, III, Acting United States Attorney, through its undersigned attorney, hereby respectfully files this motion in limine seeking to preclude the defendant from eliciting evidence in front of the jury regarding the government's authority for the collection of some of the evidence at issue in this case, specifically, the authority of the Foreign Intelligence Surveillance Act (FISA), 50 U.S.C. § 1801 et. seq.

On February 17, 2012, the government filed its Notice of Intent to Use FISA Information in this matter.  Dkt. No. 20.  On March 6, 2013, the defendant filed a "Motion Requesting Disclosure of FISA Interceptions and Ancillary CIPA Restrictions in Support of Evidence to Be Presented by Defendant of Entrapment," followed by a substantially similar amended motion on March 7, 2013, as well as a supplemental motion on May 2, 2013.  Dkt. Nos. 98, 100, and 121.  The purpose of these filings was to seek the disclosure of the United States' FISA applications and the resulting orders, which are classified, in order

1

to attempt to support a possible motion to suppress some of the evidence gathered in this case. Dkt. No. 121 at 3. The United States responded in opposition to the defendant's motion on June 14, 2013. Dkt. No. 132. The Court denied the defendant's motion on September 4, 2013. Dkt. No. 141. In denying the defendant's motion, the Court determined that each of the government's FISA applications "contained facts establishing probable cause" as to the facts required by FISA and that the surveillance and searches resulting from these applications were "lawfully authorized and lawfully conducted in compliance with the Fourth Amendment." *Id.* at 3-4, 8.

Based on this pre-trial litigation, the source of the government's authority to collect various pieces of evidence that it intends to introduce in this case is irrelevant. Specifically, the government seeks to preclude the defendant from asking the government's witnesses by what authority certain pieces of evidence were gathered. Further, the government seeks to prevent the defendant from mentioning the government's use of FISA at all during the course of this trial. Such inquiries would be confusing to the jury, could unfairly inflame the jury against the government, and would invade the province of the Court to determine the admissibility of evidence.

The determination of whether evidence is lawfully admissible in a court of law is a question for the Court, not the jury. *See, e.g., United States v. Steele*, 267 U.S. 505, 511 (1925) ("[T]he question of the competency of the evidence of the [seized items] by reason of the legality or otherwise of its seizure was a question of fact and law for the court and not for the jury."); *Boyer v. United*

2

*States*, 92 F.2d 857, 858 (5th Cir. 1937) ("It was also within the province of the court to determine for himself without the intervention of a jury, whether the evidence secured by the search should be suppressed."); *see also* Fed. R. Evid. 104(a) ("The court must decide any preliminary question about whether . . . evidence is admissible."); *United States v. Ferrell*, 2010 WL 3239293, *2 (E.D. WI 2010) (barring defendant from "presenting evidence or arguing to the jury" regarding whether a stop, arrest, and search were illegal); *United States v. Hogsett*, 2006 WL 3692456, *2 (S.D. Ill 2006) (same); *United States v. Infelise*, 1991 WL 251651, *2 (N.D. Ill 1991) ("Thus, there is a very real danger that if the court continued to allow these questions, the jurors would simply make personal judgments, based on their own personal preferences and not based on any legal standard, about whether or not they liked the government's law enforcement techniques."). This principle remains the same whether the evidence at issue is gathered pursuant to a consent search, a search warrant, FISA authorization, or otherwise.

Given that this Court has already made the determination that the FISA-derived evidence in this case was lawfully obtained, the source of the government's authorization to obtain that evidence can be of no moment to the jury. The only purpose of eliciting such information could be to somehow tie the government's evidence to surveillance programs that have recently been much questioned in the media. However, such an issue is not the concern of the jury, in particular where the Court has already determined that the government followed every legal requirement in obtaining the evidence.

Such a line of inquiry should be excluded because it has no probative value and vast potential to confuse the jury and unfairly inflame the jury.  *See, e.g., Delaware v. Van Arsdal*, 475 U.S. 673, 679 (1986) ("trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."); Fed. R. Evid. 403 ("The court may exclude evidence if its probative value is substantially outweighed by a danger of…confusion the issues, misleading the jury, undue delay, [or] waste of time…").

The government respectfully requests that this Court bar the Defendant from arguing or eliciting evidence in the presence of the jury concerning the government's legal authority to collect evidence in this case, particularly where that evidence was collected based on authority conferred by FISA.

Respectfully submitted,

A.  LEE BENTLEY, III
Acting United States Attorney


By:     *s/Sara C. Sweeney*
        SARA C. SWEENEY
        Assistant United States Attorney
        United States Attorney No. 0000119
        400 North Tampa Street, Suite 3200
        Tampa, Florida  33602
        Telephone:  (813) 274-6000
        Facsimile:  (813) 274-6178
        E-mail:  sara.sweeney@usdoj.gov

4

## CERTIFICATE OF SERVICE

I hereby certify that October 7, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

George E. Tragos, Esq.

By:   */s/ Sara C. Sweeney*
SARA C. SWEENEY
Assistant United States Attorney
USA No. 119
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6178
E-Mail: sara.sweeney@usdoj.gov

5