# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA                    CASE NUMBER: 8:12-CR-45-T-35-AEP

-v-

SAMI OSMAKAC,

      **Defendant.**

_____/

## DEFENDANT's MOTION IN LIMINE (TERRORISM) AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, Defendant, **SAMI OSMAKAC**, by and through his undersigned attorney and moves this honorable court to issue an order preventing the government from mentioning or presenting, directly or indirectly, any matters to the jury using the words terrorism or homegrown terrorist or similar words and would state:

1.      This case was indicted on February 2, 2012, charging the Defendant with possessing weapons of mass destruction as defined in Title 18, USC, Section 921(a)(4)(A) and knowingly received and possessed a firearm as defined in Title 26, USC, Sec. 5845(b).

2.      The Defendant was not charged with terrorism, domestic terrorism or homegrown terrorism.

3.      Use of those words are inflammatory and are designed to prejudice the defendant and attack his character.

4.      The words have no evidentiary value in this case and that they are not necessary to prove any of the elements in the case.

1

5. The below named attorney has consulted with the Assistant United States Attorney Sara Sweeney, who objects to said motion.

6. Use of the words violates Federal Rules of Evidence 404 and 403.

7. In *U.S. v. Moore* 375 F.3d 259, 263-64 (3d Cir. 2004), the prosecutor launched his closing argument by calling the defendant a terrorist. The court held that this argument was made for one reason and one reason only: to demonstrate the defendant's propensity to act in a particular manner. *Id.* It was an attempt to show that the defendant was a dangerous man. *Id.* The court called this language inflammatory. *Id.* The defendant in *Moore*, analogous to Mr. Osmakac, was not charged with an act of terrorism, but instead, with an act of violence. The court found this argument to taint the jury in two regards: 1. it had the potential to scare the jury into ignoring any evidence that may have raised a reasonable doubt and 2. If the jury was persuaded that the defendant had a propensity for violence they may have inferred he intended violence in this particular case. *Id.* at 264-64. This is exactly what Rule 404(b) prohibits. *Id.* at 265. The court held that a reversible error was committed in *Moore*. *Id.* To allow similar evidence and argument in the present case would cause these same prejudices and reversible error.

8. The court was clear in *Brandom v. U.S., 1970, 431 F.2d 1391* (7th Cir. 1970), that inflammatory, irrelevant evidence is improper and inadmissible, and under appropriate circumstances, its admission may constitute reversible error. Calling Mr. Osmakac a terrorist is not only irrelevant to the charges against him, it is highly prejudicial.

9. Additionally, in *U.S. v. Blakey* 14 F.3d 1557, 1560 (11th Cir. 1994), the prosecutor characterizing the defendant as a professional criminal was grounds for reversal. *Id.* This comment went outside the evidence and encouraged the jury to convict the defendant based on facts not admitted as evidence. "[A] prosecutor must refrain from improper methods

calculated to produce a wrongful conviction." *Id.* Citing *U.S. v. Rodriguez,* 765 F.2d 1546, 1559 (11th Cir. 1985).

**WHEREFORE**, the Defendant, **SAMI OSMAKAC**, his attorney moves this Honorable court to issue an order preventing the government from mentioning the words terrorism, homegrown terrorist or similar words before the jury in its case or through their witnesses.

Respectfully submitted,

Law Offices of Tragos & Sartes, P.L.

*/s/ George E. Tragos*
GEORGE E. TRAGOS, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 13th day of March 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following:   United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602.  I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants: _____.

LAW OFFICES OF TRAGOS & SARTES, P.L.

 */s/ George E. Tragos*
GEORGE E. TRAGOS, ESQ.
601 Cleveland Street, Suite 800
Clearwater, FL 33755
(727) 441-9030
SPN 00000117
Florida Bar No. 184830
E-mail: george@greeklaw.com