**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES AMERICA,**

     **v.**                                   **Case No.: 8:12-cr-45-T-35-AEP**

**SAMI OSMAKAC**

_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Defendant's Motion _in Limine_ (Terrorism) (Dkt. 229). For the reasons that follow, the motion is **DENIED**.

In the motion, Defendant seeks to prevent the Government "from mentioning or presenting, directly or indirectly, any matters to the jury using the words terrorism or homegrown terrorist or similar words." (Dkt. 229 at 1) Defendant argues that he has been charged "with possessing weapons of mass destruction as defined in Title 18, USC, Section 921(a)(4)(A) and knowingly receiv[ing] and possess[ing] a firearm as defined in Title 26, USC, Sec. 5845(b)," that he was "not charged with terrorism, domestic terrorism or homegrown terrorism," and thus "[u]se of those words are inflammatory and are designed to prejudice the defendant and attack his character." (Id.)

The Court finds that the Government is entitled to prove the Defendant's motive in this case, and the Court will not require the Government to obscure what it contends that motive is by forcing it to use euphuisms for "terrorist" or "terrorism" as opposed to the words themselves. In any event, it appears that the Government is prepared to offer evidence that the Defendant referred to his alleged actions using such descriptors, and as such, the danger of unfair prejudice is lessened. See (Dkt. 228-1 at 9 ("It'll take the

whole thing down, kill people inside? . . .That's what I'll do. Cause I rather terrorize them like their forces, too."); Id. at 10 ("I mean, if it's there beautiful if all the agents and police comes there, I'll just go hit them up ... Yeah. When they gather ... 'Cause that's what's gonna terrorize them, man. Like, they're gonna be, oh, it's not just c-civilians, it's gonna be like, uh, police, FBI, everybody gotta piece."); Id. at 11 ("[I]t's gonna be, it's gonna be, a second 9/11 . . . ."))

Defendant's reliance on United States v. Moore, 375 F.3d 259 (3d Cir. 2004), for a contrary outcome is misplaced.  In that case the Defendant was charged with arson, in connection with the destruction of a home as revenge for an alleged bad drug deal, and for possession of a firearm by a previously convicted felon.  Id. at 260.  The primary concern of the court was the substantial amount of improper Fed. R. Evid. 404(b) evidence admitted at the trial, which had nothing to do with the charged conduct.  See id. at 260-61 (explaining that the improper testimony included that the Defendant forced children to deal drugs, committed various very violent assaults, habitually sold and possessed drugs, and committed child abuse).  It was that improper prior act evidence, combined with the prosecutor's labeling of the defendant as a "terrorist" in closing arguments (incidentally argued on the eve of the one year anniversary of the September 11th terrorist attacks) that led to reversal.  Id. at 263-64.  Thus, Moore is factually distinct from the instant prosecution.

The other cases cited by Defendant are likewise unpersuasive.  See Brandom v. United States, 431 F.2d 1391, 1398 (7th Cir. 1970).  While that court acknowledged that "[i]nflammatory, irrelevant evidence is improper and inadmissible," id. at 1398, it also noted that "[t]he admission of [such a] statement, when considered within its evidentiary

2

ambit, was not reversible error." Id. In the context of the present case, the Court finds that reference to the word "terrorize" or "terrorist" would not be improper. See also United States v. Blakey, 14 F.3d 1557, 1560-61 (11th Cir. 1994) (finding that prosecutor's reference to defendant as a "professional criminal" was improper because defendant "was not a professional criminal and . . . the government conceded this at trial," and thus the comment was based on absolutely no evidence in the record. The Court found that "[t]his type of shorthand characterization of an accused, not based on evidence, is especially likely to stick in the minds of the jury and influence its deliberations," and therefore a new trial was required, especially in light of other improper remarks made by the prosecutor during closing argument).

The Court has already separately ruled on specific objections raised by Defendant as to certain of the Government's evidence that may raise Fed. R. Evid. 404(b) issues. (Dkt. 226) Here, it does not appear to the Court, at least at this juncture, that use of the word "terrorist" or "terrorism" would implicate any Rule 404 concerns as that inference may fairly be argued from the conduct the Defendant is alleged to have engaged in, in this case. See, e.g., United States v. Felton, 417 F.3d 97, 103 (1st Cir. 2005) (finding that government's use of word "terrorist" was not improper in prosecution of an avowed white supremacist on charges of, among others, conspiring to make and possess a destructive device and attempting to receive explosives to injure, kill, or destroy property; and stating: "To describe such plans and the individuals who pursued them as 'terrorist' was certainly an accurate lay use of the term 'terrorist,' and it is not easy to think of some softer description to summarize the gist of what the government's evidence suggested. That the term is highly pejorative is true-but this is a function of the acts that the

3

defendants engaged in, not the government's inaccurate description of those acts.").

Accordingly, Defendant's Motion *in Limine* (Terrorism) (Dkt. 229) is **DENIED**.  The Court notes that also pending is Defendant's Amended Motion *in Limine* (Kohlmann) or in the Alternative, for a Daubert Hearing (Dkt. 228).  The Court **DIRECTS** the Government to file its Response in opposition thereto within the time frame set by the Local Rules.

**DONE** and **ORDERED** in Tampa, Florida, this 26th day of March 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* parties

4