UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:12-cr-45-T-35EAJ

SAMI OSMAKAC

**MEMORANDUM OF UNITED STATES OF AMERICA
CONCERNING FORFEITURE SPECIAL VERDICT**

The United States of America, by and through the undersigned Assistant
United States Attorney, submits this memorandum in conjunction with the
proposed special verdict and forfeiture instructions.  In the event that defendant
Sami Osmakac is convicted as charged in Count One and/or Two of the
Indictment (Doc. 10), and if the defendant requests a jury determination on
forfeiture pursuant to Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure,
this memorandum outlines the procedure the government proposes that the court
take with regard to the special verdict on forfeiture.  The United States will not
request a jury determination on forfeiture.

**MEMORANDUM OF LAW**

I.      Background

On February 2, 2012, an indictment was filed, charging defendant Sami
Osmakac with the following offenses: Count One, knowingly and without lawful
authority, attempting to use weapons of mass destruction, specifically,
destructive devices as defined in 18 U.S.C. § 921(a)(4)(A), meaning explosives,
grenades, and similar devices, against persons and property within the United

States, in violation of 18 U.S.C. § 2332a(a)(2); and Count Two, knowingly receiving and possessing an unregistered firearm, specifically a machine gun, as defined in 26 U.S.C. § 5845(b), to wit, an AK-47, serial number 1978 IL 3611, in violation of 26 U.S.C. 5841, all in violation of 26 U.S.C. § 5861(d) and 5871. Doc. 10.

The forfeiture allegations notified the defendant that the United States intended to forfeit the fully automatic AK-47, serial number 1978 IL 3611, and ammunition, and a .45 caliber Colt pistol, serial number SF12925E, and ammunition, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c).  The United States also sought forfeiture of (1) all assets, foreign and domestic, acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing the offense alleged in Count One, and (2) all assets, foreign and domestic, derived from, involved in, and used and intended to be used to commit such offense, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c).  *Id.* at 2-4.

On January 31, 2014, the United States filed an Amended Bill of Particulars, which described in particular the assets the United States intended to forfeit on the basis of the allegations in the "Forfeiture" section of the Indictment. Doc. 215.  The Court has scheduled a jury trial commencing May 27, 2014.  Doc. 254.

2

II.    Applicable Statutes

Pursuant to 26 U.S.C. § 5872, any firearm involved in any violation of the provisions of Chapter 53 of Title 26 shall be subject to seizure and forfeiture. 26 U.S.C. § 5872.

In addition, 18 U.S.C. § 924(d) provides for the forfeiture of "any firearm or ammunition involved in or used in any knowing violation" of section 922(g) and section 924, or "any violation of any other criminal law of the United States . . . ." 18 U.S.C. § 924(d)(1).

Finally, because the violation alleged in Count One constitutes a Federal crime of terrorism, as defined in 18 U.S.C. § 2232b(g)(5), against the United States, citizens and residents of the United States, and their property, the defendant is required to forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(G) and 28 U.S.C. § 2461(c), all assets, foreign or domestic –

> (a) of any individual, entity, or organization engaged in planning or perpetrating any Federal crime of terrorism;
>
> (b) acquired or maintained by any person with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism;
>
> (c) derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism.

18 U.S.C. § 981(a)(1)(G).

III.   Forfeiture Proceeding

The plain language of the applicable rule contemplates that the Court make the ultimate determination on forfeiture.  Federal Rule of Criminal

3

Procedure 32.2 sets forth the procedures governing criminal forfeiture and codifies each party's right to a jury determination on forfeiture.  In order to have a jury determination on property subject to forfeiture, before the jury begins its deliberation on the guilt phase, a party must request that the jury make such determination.  *See* Rule 32.2(b)(5)(A).  Rule 32.2 further provides:

> If a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine *whether the government has established the requisite nexus between the property and the offense* committed by the defendant.

Fed. R. Crim. P. 32.2(b)(5)(B) (emphasis added).  The United States will not request a jury determination on the forfeiture.

If a jury verdict is requested, it is the jury's function to decide whether the United States has proven the elements necessary for the Court to declare the property forfeited.  It is no longer necessary for the jury to determine the extent of the defendant's interest in the property[1] — that issue is left for the ancillary proceeding.  Fed. R. Crim. P. 32.2 (*Advisory Committee Notes,* 2000 Adoption).  It is the duty of the jury solely to determine whether the United States has

---

[1]  "Since the enactment of the ancillary proceeding statutes, the requirement in Rule 31(e) that the court (or jury) determine the extent of the defendant's interest in the property as part of the criminal trial has become an unnecessary anachronism that leads more often than not to duplication and a waste of judicial resources."  Fed. R. Crim. P. 32.2 (*Advisory Committee Notes*, 2000 Adoption).

established the requisite nexus between the property alleged subject to forfeiture and the offense(s) for which any or all of the defendants were found guilty.

There is no constitutional right to a jury determination of the forfeiture of property.  *See United States v. Libretti,* 516 U.S. 29, 49 (1995) ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").  Indeed, because forfeiture is an aspect of sentencing, the United States need only prove the elements of forfeiture by a preponderance of the evidence.  *See United States v. Dicter,* 198 F.3d 1284, 1289-90 (11th Cir. 1999) (elements of forfeiture under 21 U.S.C. § 853(a)(1) and (a)(2) must be proven under the preponderance standard); *United States v. Hasson*, 333. F.3d 1264, 1278 (11th Cir. 2003) (extending preponderance standard to forfeiture cases under 18 U.S.C. § 982(a)(1)).

The only right to a jury trial is created in Federal Rule of Criminal Procedure 32.2(b)(5).[2]  *See United States v. Gaskin*, No. 00-cr-6148, 2002 WL 459005, at *9 n.3 (W.D.N.Y. 2002) (notwithstanding *Libretti*, which appears to make trial by jury on the forfeiture issue inappropriate, Rule 32.2(b)(4) gives the defendant the right to have the jury determine the forfeiture if the case was tried before a jury), *aff'd*, 364 F.3d 438 (2d Cir. 2004).  As noted above, the plain language of Rule 32.2(b)(5) seems to limit the role of the jury to determining the

---

[2] When Rule 32.2 was amended in December 2009, section (b)(4) became (b)(5).

forfeitability of specific assets.  *See* Rule 32.2(b)(5) (the Special Verdict Form asks "the jury to determine whether the government has established the *requisite nexus between the property and the offense*") (emphasis added).

If the Court grants the defendant a jury determination on the specific assets sought for forfeiture, the jury must answer questions which will allow the Court to enter the order of forfeiture.  *See United States v. Amend*, 791 F.2d 1120, 1128 (4th Cir.), *cert. denied*, 479 U.S. 930 (1986) (appellate court affirms method by which jury determined forfeitability; jury answered questions whether property acquired through criminal enterprise but trial court entered order of forfeiture); *United States v. L'Hoste,* 609 F.2d 796, 813-14 (5th Cir.), *cert. denied*, 449 U.S. 833 (1980) (forfeiture order is mandatory once jury determines essential factual issues required for forfeiture).  The United States' proposed special verdicts are in the form of interrogatories which will require the jury to determine the essential factual forfeiture issues and secure the information necessary for the Court to enter a forfeiture order.

Under this approach, where the jury resolves the factual elements necessary for a forfeiture order to be entered but the Court enters the order, the jury is not advised of the ramifications of its decision, just as a jury is not advised of the ramifications of a verdict of guilt or innocence.  Thus, the portion of the Indictment entitled "Forfeiture" should not be read to the jury, and the term "forfeiture" should not be mentioned to the jury until after the issue of innocence or guilt is decided.  Hence bifurcated proceedings are required.  *See* Fed. R.

Crim. P. 32.2(b)(1).  The portion of the Indictment entitled "Forfeitures" is merely

the required statutory notice to the defendant that the United States seeks to

forfeit property in accordance with the applicable statute. Fed. R. Crim. P.

32.2(a), *Advisory Committee Notes.*

## III.    Conclusion

If the Court grants the defendant's request for a jury determination on the

forfeiture of the assets sought by the government, the United States requests

that the Court:

(1)    instruct the jury on the issue of forfeiture *after* the jury has returned
a guilty verdict on Count One of the Indictment;

(2)    allow jury instructions regarding property subject to forfeiture
and burden of proof; and

(3)    provide the jury with special verdict forms as proposed by the
United States.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By:    *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida  33602
(813) 274-6000 - telephone
(813) 274-6220 - facsimile
E-mail: james.muench2@usdoj.gov

7

**U.S. v. Sami Osmakac**                          **Case No. 8:12-cr-45-T-35EAJ**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2014, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following:

Sara C. Sweeney
Assistant United States Attorney

George E. Tragos, Esquire

Peter Tragos, Esquire

s/*James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney

8