UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:12-cr-45-T-35EAJ

SAMI OSMAKAC

## UNITED STATES' PROPOSED FORFEITURE JURY INSTRUCTIONS

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and requests that, should defendant Sami Osmakc be convicted of the violations charged in Counts One and/or Two of the Indictment (Doc. 10), and should the defendant request a jury determination of the forfeiture pursuant to Rule 32.2(b)(5), Fed. R. Crim. P., the following jury instructions be given during the Court's charge at the separate Forfeiture hearing following the conviction of the defendant.

Respectfully submitted,

A. LEE BENTELY, III
United States Attorney

By:   *s/James A. Muench*
      JAMES A. MUENCH
      Assistant United States Attorney
      Florida Bar Number 472867
      400 North Tampa Street, Suite 3200
      Tampa, Florida  33602 (813)
      274-6000 - telephone
      (813) 274-6220 - facsimile
      E-mail: james.muench2@usdoj.gov

**U.S. v. Sami Osmakac**                    **Case No. 8:12-cr-45-T-35EAJ**

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2014, I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system which will send a notice

of electronic filing to the following:

Sara C. Sweeney
Assistant United States Attorney

George E. Tragos, Esquire

Peter Tragos, Esquire

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:12-cr-45-T-35EAJ

SAMI OSMAKAC

## SPECIAL JURY CHARGE
(Forfeiture)

Members Of The Jury:

Your verdict in this case does not complete your jury service as it would in most cases because there is another matter you must now consider. You must decide whether the Defendant, Sami Osmakac, should forfeit certain property to the United States as a part of the penalty for the crimes charged in Counts One and/or Two of the Indictment.

In a portion of the Indictment and subsequently filed First Amended Bill of Particulars not previously discussed or disclosed to you, it is alleged that certain assets were acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing the offense charged in Count One, and/or they were intended to be used to commit such offense. In addition, it is alleged that a certain firearm was involved in the offense charged in Count Two of the Indictment. In view of your verdict finding defendant Sami Osmaka guilty of Count One and/or Count Two of the Indictment, you must also decide whether the property should be forfeited to the United States.

To "forfeit" a thing is to be divested or deprived of the ownership of it as a part of the punishment allowed by the law for certain criminal offenses.

To decide whether property should be forfeited, you should consider all the evidence you have already heard plus any additional evidence that may be presented to you after these instructions.

A copy of the forfeiture allegations of the Indictment and subsequently filed First Amended Bill of Particulars will be given to you to consider during your supplemental deliberations.  The First Amended Bill of Particulars describes in particular the twenty-two (22) assets allegedly subject to forfeiture to the United States.

To be entitled to the forfeiture of these assets, the Government must have proved by a preponderance of the evidence:

1.     That the assets described in the First Amended Bill of Particulars were acquired and maintained with the intent and for the purpose of supporting, planning, conducting, and concealing the domestic terrorism offense charged in Count One of the Indictment;

AND/OR

2.     That the assets described in the First Amended Bill of Particulars were intended to be used to commit the domestic terrorism offense charged in Count One of the Indictment.

AND

3.    That the AK-47, serial number 1978 IL 93611, described in the First Amended Bill of Particulars was involved in the offense of receiving and possessing an unregistered firearm, which the Defendant knew to be illegal, as charged in Count Two of the Indictment.

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that a claim or contention is more likely true than not true.

While deliberating concerning the issue of forfeiture you must not re-examine your previous determination regarding the Defendant's guilt.  But all the instructions previously given to you concerning your consideration of the evidence, the credibility of the witnesses, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.