UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:12-CR-45-T-35AEP

SAMI OSMAKAC

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.  After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

1

## <u>JURY INSTRUCTION NO. 1</u>

Your decision must be based only on the evidence presented during the trial.  You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law  – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt.  The law presumes every Defendant is innocent.  The Defendant does not have to prove his innocence or produce any evidence at all.  A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

## JURY INSTRUCTION NO. 2

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt.  The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.  Reasonable doubt may arise from the evidence, from a lack of evidence, or from a conflict in the evidence.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

## <u>JURY INSTRUCTION NO. 3</u>

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal

4

difference in the weight you may give to either direct or circumstantial evidence.

## <u>JURY INSTRUCTION NO. 4</u>

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

6

- Did the witness's testimony differ from other testimony or other evidence?

## <u>JURY INSTRUCTION NO. 5</u>

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## <u>JURY INSTRUCTION NO. 6</u>

You must consider some witnesses' testimony with more caution than others.

For example, paid informants or witnesses who have been promised immunity from prosecution, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

## **JURY INSTRUCTION NO. 7**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## <u>JURY INSTRUCTION NO. 8</u>

If the Government offers evidence that a Defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  To make these decisions, you must consider all the evidence about the statement – including the circumstances under which it was made.

## <u>JURY INSTRUCTION NO. 9</u>

The evidence in this case includes facts to which the lawyers have agreed or stipulated.  A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the stipulation as fact to be given whatever weight you choose.

## JURY INSTRUCTION NO. 10

Members of the Jury:  Several exhibits have been identified as typewritten transcripts and partial translations from other languages into English of oral conversations heard on the tape recordings received in evidence in this case. The transcripts also purport to identify the speakers engaged in the conversations.

I've admitted the transcripts for the limited and secondary purpose of helping you follow the content of the conversations as you listen to the tape recordings, particularly those portions spoken in other languages, and also to help you identify the speakers.

But you are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversations or the identity of the speakers is entirely for you to decide based on your own evaluation of the testimony you have heard about the preparation of the transcripts, and from your own examination of the transcripts in relation to hearing the tape recording itself as the primary evidence of its own contents.

If you determine that the transcripts are in any respect incorrect or unreliable, you should disregard them to that extent.

## JURY INSTRUCTION NO. 11

"Entrapment" occurs when law-enforcement officers or others under their direction persuade a defendant to commit a crime the defendant had no previous intent to commit.

The Defendant has claimed to be a victim of entrapment regarding the charged offense.

The law forbids convicting an entrapped defendant.

But there is no entrapment when a Defendant is willing to break the law and the Government merely provides what appears to be a favorable opportunity for the Defendant to commit a crime.

For example, it's not entrapment for a Government agent to pretend to be someone else and offer – directly or through another person – to engage in an unlawful transaction.

You must not evaluate the conduct of Government officers or others under their direction to decide whether you approve of the conduct or think it was moral.

15

So a defendant isn't a victim of entrapment if you find beyond a reasonable doubt that the Government only offered the defendant an opportunity to commit a crime the Defendant was already willing to commit.

But if there is a reasonable doubt about whether the Defendant was willing to commit the crime without the persuasion of a Government officer or a person under the Government's direction, then you must find the Defendant not guilty.

## <u>JURY INSTRUCTION NO. 12</u>

The indictment charges two separate crimes, called "counts," against the Defendant.  Each count has a number.  You'll be given a copy of the indictment to refer to during your deliberations.

Count One charges that the Defendant attempted to use weapons of mass destruction, specifically destructive devices, including explosives and grenades, against persons and property within the United States.

Count Two charges that the Defendant possessed a fully automatic machinegun that was not registered to him as required.

I will further explain the law governing these offenses in a moment.

17

## JURY INSTRUCTION NO. 13

You'll see that the indictment charges that a crime was committed "on or about" a certain date.  The Government doesn't have to prove that the offense occurred on an exact date.  The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

# JURY INSTRUCTION NO. 14

## Use of Weapons of Mass Destruction
## Against Person or Property in the United States
## 18 U.S.C. § 2332a(a)(2)

It's a Federal crime for anyone without lawful authority to use, threaten, or attempt or conspire to use, a weapon of mass destruction against any person or property within the United States, and to use any facility of interstate or foreign commerce to further the offense; or the targeted property is used in an activity that affects interstate or foreign commerce; or the results of the offense, if it had succeeded, would have affected interstate or foreign commerce.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant attempted to use a weapon of mass destruction against any person or property within the United States;

(2)    the Defendant did not have lawful authority to use the weapon of mass destruction; and

(3)    any facility of interstate or foreign commerce was used to further the offense OR the property was used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce OR the results of the offense, if it had

succeeded, would have affected interstate or foreign commerce.

The term "weapon of mass destruction" means a destructive device, including any explosive or incendiary bomb or any grenade.

The term "interstate commerce" includes any movement or transportation of persons, goods, wares, merchandise, securities or money from one state into another state, the District of Columbia, and any commonwealth, territory, or possession of the United States.

The term "facility of interstate commerce" includes means of transportation and communication.

## JURY INSTRUCTION NO. 15

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails.  In this case the Defendant is charged in Count One with attempting to commit the offense of using a weapon of mass destruction against persons and property within the United States.

The Defendant can be found guilty of using a weapon of mass destruction against persons and property within the United States only if all the facts I just read to you are proved beyond a reasonable doubt.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are also proved beyond a reasonable doubt:

> First:    That the Defendant knowingly intended to commit the crime of use of a weapon of mass destruction against persons and property in the United States; and

> Second:  The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act.  It must be more than simply preparing.  It must be an act that would normally result in committing the offense.

21

# JURY INSTRUCTION NO. 16

## Possession of Unregistered Firearm
## 26 U.S.C. § 5861(d)

It's a Federal crime for anyone to possess certain kinds of firearms that are not properly registered to him in the National Firearms Registration and Transfer Record.

A "firearm" includes a machinegun, that is, a fully automatic firearm.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant possessed a firearm;

(2)     the firearm was not registered to the Defendant in the National Firearms Registration and Transfer Record; and,

(3)     the Defendant knew of the specific characteristics or features of the firearm that made it subject to registration under the National Firearms Registration and Transfer Record.

The Government does not have to prove that the Defendant knew the item described in the indictment was a firearm that must be legally registered.  The Government only has to prove beyond a reasonable

22

doubt that the Defendant knew about the specific characteristics or features of the firearm that made it subject to registration, namely that it was fully automatic.

## <u>JURY INSTRUCTION NO. 17</u>

The law recognizes several kinds of possession.  A person may have actual possession, constructive possession, sole possession, or joint possession.

"Actual possession" of a thing occurs if a person knowingly has direct physical control of it.

"Constructive possession" of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later.

"Sole possession" of a thing occurs if a person is the only one to possess it.

"Joint possession" of a thing occurs if two or more people share possession of it.

The term "possession" includes actual, constructive, sole, and joint possession.

# JURY INSTRUCTION NO. 18

You've been permitted to take notes during the trial.  Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations.  You must not give your notes priority over your independent recollection of the evidence.  And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## <u>JURY INSTRUCTION NO. 19</u>

Each count of the indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment.  You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty.  If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

26

## JURY INSTRUCTION NO. 20

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.  So you must discuss the case with one another and try to reach an agreement.  While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong.  But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 21

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal.  The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom.  But I caution you not to tell me how many jurors have voted one way or the other at that time.