**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**-v-**                                                          **CASE NUMBER: 8:12-CR-45-T-35-AEP**

**SAMI OSMAKAC**
_____/

## MOTION FOR NEW TRIAL AND
## INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, the Defendant**, SAMI OSMAKAC**, by and through his undersigned

counsel and hereby files this Motion for New Trial and Incorporated Memorandum of

Law pursuant to Rule 33 of the Fed. R. Crim. P. and would state:

1.    On June 10, 2014, the Defendant was convicted on a two count Indictment

       alleging attempted use of weapons of mass destruction and attempted use of

       an automatic machine gun (AK47).

2.    Before and throughout the trial, defense counsel made multiple motions for

       mistrial and other evidentiary motions that were denied by the Court.

3.    During the trial, the Court prohibited the defense from cross-examining

       multiple government witnesses to the full extent necessary.

4.    One of those government witnesses, however, was allowed by the court to

       blurt out impermissible evidence nonresponsive to the question asked. The

       UCE stated that the Defendant tried to buy guns from drug dealers before the

       FBI ever got involved. Not only is that statement untrue (surveillance started

1

long before that date) but the defense objected, moved for a mistrial, and moved the court to strike that testimony. The Court denied those motions.

5. Countless evidentiary restriction and limitations before and during trial.

6. The court erred in restricting the Defendant's access to evidence obtained pursuant to the Foreign Intelligence Surveillance Act.

7. The court erred in precluding the Defendant from eliciting testimony in front of the jury regarding the government's authority for collection of certain evidence as conferred by FISA.

8. The court erred in not granting the defense access to FISA materials at issue.

9. The court erred in finding that due process does not require disclosure of FISA materials to the Defendant. ((Dkt. 141-Order denying Defendant's FISA Motions, Dkt. 121 Defendant's Motion for Disclosure of FISA Interceptions and Ancillary CIPA Restrictions regarding Dkt. 100)

10. The court erred in determining that the provisions of FISA protected the Defendant and accommodate legitimate interests in the criminal trial process without violating the Defendant's Sixth Amendment rights.

11. The court erred in determining that the probable cause requirement of FISA comports with the requirements of the Fourth Amendment to the United States Constitution.

12. The court erred in stating that there is no basis for disclosure of FISA materials.

13. The court erred in allowing an in-camera ex parte examination of materials to make a determination as to what rulings the court would make on the defendant's FISA motions.

14. The court limited the Defendant's use of the "overhear" recordings in that the court prevented the defense from asking the UCE questions about conversations which he was a participant although not the actual speaker of the statement.  The Defendant believes that he acquiesced to those statements in his presence and therefore limiting the defense's questioning of the UCE preventing an effective cross-examination.

15. In *Delaware v. Fensterer*, 474 U.S. 15, 18-19 (1985), the court set out two categories of cases in which restricting cross-examination of a witness involving out of court statements is erroneous and violates the confrontation clause. *Id.* The first is the confrontation clause cases and the second is exemplified by *Davis v. Alaska*, 415 U.S. 308, 318 (1974), in which the trial court did not permit defense counsel to expose facts to the jury that could appropriately draw inferences relating to the reliability of the witness. *Id.* In *Davis*, the court held that confrontation means more than physical confrontation and restricting cross-examination may effectively emasculate the right of cross examination itself. *Id.* (*Citing Smith v. Illinois*, 390 U.S. 129, 131 (1968)).

16. The court erred in not ordering the Government to produce the CD for the defense to compare to the transcript of the overhear recording of

3

December 22, 2014.  Those audio tapes include statements by a testifying witness and they were not turned over to the defense.

17.    According to 18 U.S.C. §3500 (b): after a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

18.    In *U.S. v. Bronson*, an unreported case in the U.S. District Court, D. Kansas on December 22, 2006, the court denied defense counsel's requests for an officer's statement on audio tapes because this motion was made prior to the officer's testimony at a motion to suppress and it was not the appropriate time for the government to provide this tape. *Id.* The court also opined that the government would have had to turn the tapes over had this testimony been during trial because it was *Jenks* material because it was a statement of the witness that is in the government's possession that relates to the subject matter of his testimony. *Id.*

19.    The court erred in denying the Defendant's Motion to Compel Prior UCE Testimony (Dkt. 177) (Order-Dkt. 226), the court found it was not relevant. In *U.S. v. Sarkissin*, 841 F.2d 959 (9th Cir. 1988), the court stated that under CIPA, the court can engage in the balancing of national security concerns

against defendant's need for documents in determining the extent of discovery. Withholding this information precluded the defense from questioning the UCE about his training and experience as well as potential impeachment evidence from his prior statements under oath.

20. The court erred in not providing copies of the UCE's prior testimony to the defense. Since the defense did not know any identifying data of the UCE and was unable on its own to gather any information about prior testimony or any background information about the UCE the defense was not able to effectively cross-examine the UCE.

21. The court erred in limiting questioning concerning the UCE's training due to law enforcement privilege. Once again it is essential to effective cross-examination. The court erred in restricting the defense from cross-examining the UCE about prior activity, education and training.

22. The court erred in its sealed order granting the Government's Motion in Limine (Dkt. 187) to preclude the defense from eliciting evidence in front of the jury regarding the Government's authority for collection of certain evidence at issue in this case, specifically, the authority exercised pursuant to FISA.

23. The court erred in allowing the UCE to use an undercover pseudonym (Dkt. 217) and for preventing the defense from letting the jury know that he was testifying under a pseudonym.

24. The court erred in restricting the Defendant's right to confrontation.

25.    The court erred in not declaring a mistrial based on the Government's closing argument alleging a lack of evidence is not a basis for not guilty or for a reasonable doubt.

26.    The court erred in allowing Mr. Kohlmann to testify about a black flag and its significance. The Government did not enter the black flag the UCE received from the Defendant into evidence, it was not in the martyrdom video as Mr. Kohlmann incorrectly testified to, and its significance was prejudicial and not probative for any other reason than to inflame the jury with expert testimony.

27.    The court erred in allowing Dr. Montalbano to testify about what Islamic or radical Muslim group the Defendant belonged to or subscribed to as being beyond his field of expertise.

**WHEREFORE**, the Defendant**, SAMI OSMAKAC**, by and through his undersigned counsel hereby moves this Honorable Court to issue an Order granting a new trial pursuant to the Federal Rules of Criminal Procedure.

Respectfully submitted,

LAW OFFICES OF TRAGOS & SARTES, P.L.


*/s/ George E. Tragos*
George E. Tragos, Esq.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 1st day of July 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF which will send a notice of electronic filing the following:   United States Attorney's Office, 400 N. Tampa Street, Room 3200, Tampa, Florida 33602.  I further certify that I mailed the foregoing document and the notice of electronic filing by first - class mail to the following non-CM/ECF participants:

_____.

LAW OFFICES OF TRAGOS & SARTES, P.L.

*/s/ George E. Tragos*
GEORGE E. TRAGOS, ESQ.
601 Cleveland Street, Suite 800
Clearwater, FL 33755
(727) 441-9030
SPN 00000117
Florida Bar No. 184830
E-mail: george@greeklaw.com
         pam@greeklaw.com

7