**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES AMERICA,**

   **v.**                                            **Case No.: 8:12-cr-45-T-35-AEP**

**SAMI OSMAKAC**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Sami Osmakac's Motion for New Trial (Dkt. 321; Dkt. 326[1]) and the Government's response in opposition thereto.  (Dkt. 325)  Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion for New Trial.

### 1.  BACKGROUND

Following a jury trial, Defendant was convicted of attempted use of weapons of mass destruction in violation of 18 U.S.C. § 2332a(a)(2) and of possession of a firearm not registered to him in violation of 26 U.S.C. §§ 5861(d), 5871.  (Dkt. 312)  Defendant was the target of an undercover Federal Bureau of Investigations ("FBI") operation, and, as such, much of the Government's evidence at trial consisted of covertly recorded audio and video tapes.  Defendant's chief defense, which apparently was rejected by the jury, was entrapment.

Prior to and throughout the trial, defense counsel made multiple evidentiary

---

1 The filing at Dkt. 326 is simply an addendum to the original motion which clarifies two relatively minor misstatements in the original motion.

objections and motions for mistrial that the Court denied.  In the instant motion, Defendant has simply listed several of these evidentiary or other rulings with which he disagrees. No analysis or legal authority is set forth regarding the vast majority of the alleged errors.

Chiefly, Defendant argues that the Court's evidentiary rulings regarding the testimony of the Under Cover Employee ("UCE") impermissibly restricted his ability to cross-examine the UCE and thus violated his right to confront witnesses.  (Dkt. 321 at 3–5)  Among other things, Defendant also argues that a mistrial should have been declared when the UCE testified about Defendant's attempt to purchase guns from drug dealers, and he further contends that the Court's various Foreign Intelligence Surveillance Act ("FISA") related rulings were incorrect or otherwise improper.

## 2.  DISCUSSION

Federal Rule of Criminal Procedure 33 governs motions for a new trial, and provides: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33.  Rule 33 motions are to be granted sparingly and with great caution.  See United States v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005).  A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court."  United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).  The court may "weigh the evidence and consider the credibility of witnesses." Id.; accord United States v. Cross, 258 F. App'x 259, 261 (11th Cir. 2007).  "If the court concludes that  . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury."  Martinez, 763 F.2d

at 1312 (internal quotation marks omitted).  The court may follow this course even if the evidence is legally sufficient to sustain the verdict.  Martinez, 763 F.2d at 1312.

As explained above, the Defendant has failed to set forth any argument or analysis that would justify finding that this is one of the "exceptional cases" where a new trail is warranted.  Hernandez, 433 F.3d at 1336-37.  Rather, the motion is essentially a litany of evidentiary objections, which the Court overruled at trial and is thus insufficient to meet the high standard mandated by Rule 33.  See, e.g., United States v. Castro, 669 F. Supp. 2d 288, 293–94 (E.D.N.Y. 2009) aff'd, 411 Fed. Appx. 415 (2d Cir. 2011) ("The Court notes that Castro does not argue that it would be a manifest injustice to allow the jury's verdict to stand. He does not profess his innocence. Nor does he point to any extraordinary circumstances that would justify a new trial. Rather, Castro seeks to use Rule 33 as a vehicle to relitigate evidentiary rulings with which he disagrees. However, Castro offers no authority to suggest that these allegedly erroneous evidentiary rulings would support his request for a new trial."); United States v. Soto, 12 CR 556 RPP, 2014 WL 1694880, at *7 (S.D.N.Y. April 28, 2014) ("[A] Rule 33 motion is an inappropriate vehicle to relitigate the trial court's earlier evidentiary decisions.").

Only two issues Defendant asserts even bear further mentioning specifically.  First, he asserts that the Court erred in its limitation of disclosures affecting Defendant's right of Confrontation in regard to the UCE who testified in the case.  As an initial matter, Defendant's motion fails to articulate what, if any, additional inquiry he would have intended to make in the absence of such limitations.   Defendant asserts generally that the Court limited him in his right to inquire of the UCE's training.  While it was the Court's initial ruling that the Defendant would be limited to some degree in inquiring as to the

UCE's training, during the course of the trial, because of inquiries by the Government and voluntary disclosures by the witness, the Court granted further leeway in this interrogation of the witness. As the Government points out, the Defendant took full advantage of this leeway and inquired extensively into the witness's training.

Secondly, to the extent that the Defendant is attempting to suggest that the Court denied him the right to confront the UCE witness by direct approach and questioning of him in open court, this would be incorrect. While the public was prevented from observing the witness by means of the installation of a temporary shield being placed in the courtroom, the Defendant, the jury, and defense counsel enjoyed full access to observe and "confront" the witness without any obstruction. Moreover, while the Court initially approved of permitting the witness to wear a light disguise to further protect his identity, the witness opted not to wear the disguise such that his face was fully observable and his demeanor during trial was by no means obscured.

As aptly described in the Government's response, the Court's review of the facts and circumstances here reflects that the Court's rulings on asserted objections were not in error, nor do they otherwise justify granting a new trial. Certainly, the Defendant's challenge does not approach the high threshold of showing that "the evidence preponderates sufficiently heavily against the verdict that [it could be inferred that] a serious miscarriage of justice may have occurred." Martinez, 763 F.2d at 1312 (internal quotation marks omitted).

**3. CONCLUSION**

Upon consideration of the foregoing, it is hereby **ORDERED** that Defendant's Motion

for New Trial (Dkt. 321; Dkt. 326) is **DENIED**.

    **DONE and ORDERED** in Chambers, Tampa, Florida this 25th day of August 2014.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Counsel of Record
All *Pro Se* parties